UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFP WORKS, LLC,

    Plaintiff,

v.                                              Case No.
                                                              Hon.

BUFFALO ARMORY LLC,

    Defendant.                       JURY TRIAL DEMANDED

_____

# COMPLAINT

Plaintiff, SFP WORKS, LLC ("SFP"), for its Complaint against Defendant, BUFFALO ARMORY LLC ("Buffalo"), alleges and states:

## PARTIES, JURISDICTION AND VENUE

1. SFP is a Michigan limited liability company with its registered office in Washington, Michigan.

2. Buffalo is a New York limited liability company with its principal place of business in Buffalo, New York.

3. This is a complaint for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction over SFP's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Buffalo is doing business within this judicial district, including by maintaining a sales team here, subjecting it to personal jurisdiction within this

judicial district and making venue proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENT IN SUIT

5. On July 9, 2013, United States Patent No. 8,480,824 ("the '824 Patent") entitled "Method and Apparatus for Micro-Treating Iron-Based Alloy, and the Material Resulting Therefrom," was duly and legally issued, and assigned to SFP. SFP owns the '824 Patent and holds the entire right to sue and recover damages for infringement thereof. A true and correct copy of the '824 Patent is attached as Exhibit A.

## BUFFALO'S WILLFUL PATENT INFRINGEMENT

6. Buffalo has been and still is infringing the '824 Patent by making, using, selling, or offering to sell in the United States, or importing into the United States, micro-treated, high-strength steel products manufactured using the patented inventions of the '824 Patent. Buffalo markets such steel products under the trade names "Star Armor" and "Star Steel." By way of example only, Buffalo's process for manufacturing its "Star Armor" and "Star Steel" products has infringed at least independent claims 1 and 17 of the '824 Patent.

7. SFP has provided Buffalo with written notice of its infringement, including through service of this Complaint.

8. Buffalo has been aware of the existence of the '824 Patent since on or about July 9, 2013, the day the patent issued, by virtue of notice provided to Buffalo's President, as well as Buffalo's close affiliate relationship with Klein Steel Service, Inc., formerly a licensee under the '824 Patent and numerous related patents and patent applications.

9. Buffalo has been attempting to sell its Star Armor and Star Steel products despite an objectively high likelihood that the process used to manufacture those products infringes the '824 Patent.

10. This objectively high likelihood of infringement has been known to Buffalo, or it is so obvious that it should have been known to Buffalo, and therefore Buffalo's infringement of the '824 Patent has been willful.

## THE HARM TO SFP

11. Buffalo, by its infringing conduct, has caused SFP irreparable harm for which there is no adequate remedy at law.

12. SFP has suffered damages as a result of Buffalo's infringement to date.

13. This is an exceptional case within the meaning of 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, SFP prays that this Court:

1. Permanently enjoin Buffalo and its officers, agents, servants,

employees and attorneys and those in active concert or participation with them, who receive actual notice of the Order, from making, using, selling and/or offering for sale in the United States, or importing into the United States, any "Star Armor" or "Star Steel" products, and any other products manufactured using a process that infringes the '824 Patent.

2. Issue an order directing Buffalo and its officers, agents, servants, employees, and attorneys and those in active concert or participation with them who receive actual notice of the Order, to destroy all infringing "Star Armor," "Star Steel," and other products manufactured using a process that infringes the '824 Patent, and all molds, machines, tooling, and any other equipment used in infringing the '824 Patent.

3. Award SFP monetary damages adequate to compensate it for Buffalo's past infringement pursuant to 35 U.S.C. § 284, together with costs and prejudgment interest.

4. Award SFP its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

5. Award SFP its costs.

6. Grant and award any and all further relief found necessary and proper under these circumstances.

## JURY DEMAND

SFP demands a trial by jury on its claims.

Dated:  September 16, 2014    **KERR, RUSSELL AND WEBER, PLC**

by:  /s/ *Fred K. Herrmann*
Fred K. Herrmann (P49519)
Matthew L. Powell (P73283)
500 Woodward Ave., Suite 2500
Detroit, MI 48226
(313) 961-0200
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

Mark M. Supko
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004-2595
(202) 624-2734
msupko@crowell.com

*Attorneys for Plaintiff*
*SFP Works, LLC*