UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFP WORKS, LLC,

                Plaintiff,                  Civil Action No. 14-13575
                                             Honorable Denise Page Hood
                                             Magistrate Judge David R. Grand

v.

BUFFALO ARMORY, LLC,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES UNDER 35 U.S.C. SECTION 285 [86]

Before the Court is Defendant Buffalo Armory, LLC's ("Buffalo Armory") Motion for Award of Attorneys' Fees Under 35 U.S.C. Section 285, which was filed on November 28, 2016. (Doc. #86). Plaintiff SFP Works, LLC ("SFP") filed a response in opposition to this motion on December 22, 2016 (Doc. #91), and Buffalo Armory filed a reply on January 10, 2017 (Doc. #96). An Order of Reference was entered on February 3, 2017, referring this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #97). The Court heard oral argument on this motion on March 14, 2017.

## I.    REPORT

### A.    Background

In this patent infringement suit, SFP alleged that Buffalo Armory infringed its patent, U.S. Patent No. 8,480,824 (the "'824 Patent"), by continuing to use SFP's patented steel treatment technology after the expiration of a license granting Buffalo Armory the right to use this process. On October 31, 2016, the District Court entered an Opinion and Order (the "Opinion") granting Buffalo Armory's motion for summary judgment on SFP's patent

infringement claim.  (Doc. #83).  In its Opinion, the Court specifically found that Buffalo Armory's "Star Process" did not literally infringe on the '824 Patent because, in the Star Process, steel is heated for 5.6 seconds, not "rapidly heat[ed], within 5 seconds," as set forth in the relevant claims of the '824 Patent.  (*Id.* at 6-18).  The District Court also held that SFP could not prevail on its infringement claim under the "doctrine of equivalents," because such a claim was barred by the principle of prosecution history estoppel.  (*Id.* at 18-26).

Buffalo Armory has now filed the instant motion seeking an award of attorneys' fees and expenses as the prevailing party under 35 U.S.C. § 285.  (Doc. #86).  It claims that SFP pursued patent infringement claims "that were incredibly weak and contradicted by the prosecution history, the specification of the '824 patent, and SFP's discovery responses."  (*Id.* at 1).  As a result, Buffalo Armory asserts that the bases for alleged infringement in this case were "objectively unreasonable," making this case "exceptional" within the meaning of § 285 and thereby justifying an award of more than $587,000 in attorneys' fees and expenses.

### B.    Legal Standard

Section 285 of the Patent Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Recently, the Supreme Court set forth the standard for determining whether a case is "exceptional" under § 285:

> … an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District Courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  In *Octane Fitness*, despite articulating a less rigid standard than that previously in place, the Supreme Court emphasized that a fee award under § 285 should still be the exception, not the rule.  *Id.* at 1757.

Factors to be considered in determining whether a case is "exceptional" include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n. 6 (internal quotations omitted). Here, Buffalo Armory primarily argues that attorneys' fees are appropriate under the "objectively unreasonable" prong of the "exceptional circumstances" analysis.[1]

### C.    Analysis

Buffalo Armory first asserts that SFP's argument that the Star Process met the "rapidly heating, within 5 seconds" limitation of the '824 Patent was objectively unreasonable.[2] Specifically, Buffalo Armory claims that, in June 2015, it provided SFP with "definitive evidence" that its process did not rapidly heat steel in less than or equal to 5 seconds (but, rather, did so in 5.6 seconds). (Doc. #86 at 16). Buffalo Armory argues that, instead of accepting this fact and conceding that Buffalo Armory's process did not literally infringe on the '824 Patent, SFP "doubled down" and offered a "tortured" construction of the "within 5 second" limitation

---

[1] Buffalo Armory also argues that this case is exceptional because "there is 'the need in particular circumstances to advance considerations of compensation and deterrence.'" (Doc. #86 at 27 (quoting *Octane Fitness*, 134 S. Ct. at 1756 n. 6)). Specifically, Buffalo Armory asserts that it should be compensated for attorneys' fees it was forced to incur to defend this action, while SFP "had the luxury of pursuing [its] claims" through a $2 million intellectual property infringement abatement policy. (*Id.* at 28-29). But Buffalo Armory presented no evidence that SFP pursued its claims simply because it had this insurance policy; indeed, counsel for SFP indicated at the hearing that insurance coverage was limited, and SFP paid insurance premiums and incurred substantial out-of-pocket expenses. And, even if the existence of SFP's insurance made it an easier (or less risky) decision to pursue the claims in this case, for the reasons discussed below, the Court would still find that sanctions are not warranted here.

[2] Buffalo Armory also argues that SFP "presented another objectively unreasonable claim interpretation to support its infringement claim" – namely the "drawing the steel … to form … a second thickness" limitation. (Doc. #86 at 22-27). The District Court's Opinion, however, declined to consider whether the accused process met (or failed to meet) the "drawing the steel limitation." (Doc. #83 at 18, n. 5). As a result, this Court cannot conclude from the record before it that SFP's "drawing the steel" argument was objectively unreasonable.

that did not include the complete heating time in the main heating unit. (*Id.* at 17). Buffalo Armory also argues that SFP's argument that the Star Process infringed under the "doctrine of equivalents" was objectively unreasonable. (*Id.* at 20-22). The District Court ultimately rejected both of SFP's infringement arguments (Doc. #83 at 9-13, 18-26), and Buffalo Armory now asserts that they were "objectively unreasonable," justifying an award of attorneys' fees.

In response, SFP argues that its approach to proving infringement was "completely reasonable"; its expert (Dr. Marder) opined that Buffalo Armory's process literally satisfied the "rapidly heating" element and, thus, was infringing on the '824 Patent. (Doc. #91 at 15-17). SFP argues that although the District Court ultimately disagreed with Dr. Marder's opinion, there is no basis for suggesting that he acted unreasonably in rendering his opinion, or that SFP was unreasonable in relying on that opinion. (*Id.* at 17-18). SFP also points out that Dr. Marder opined that Buffalo Armory was infringing under the doctrine of equivalents; according to SFP, the District Court did not disagree with Dr. Marder's opinion in this respect, but instead merely "focused on a complex issue of patent law" in finding this argument barred by the doctrine of prosecution history estoppel. (*Id.* at 18).

A review of the case law makes clear that a party's arguments are not objectively unreasonable simply because they did not carry the day. For example, in *Printerton, Inc. v. BreezyPrint Corp.*, 2015 WL 7149442, at *5 (S.D. Tex. Nov. 10, 2015), after finding no infringement and granting the defendant's motion for summary judgment, the court denied the defendant's motion for attorneys' fees. The *Printerton* court noted that, despite the fact that the defendant pointed to "various unsuccessful legal and factual positions" asserted by the plaintiff during the litigation, overall, the plaintiff's claims were not "so exceptionally meritless that they 'descend to the level of frivolous argument or objective unreasonableness.'" *Id.* at *3 (quoting

4

*Gametek LLC v. Zynga, Inc.*, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014)).  Other courts have reached similar conclusions, finding that attorneys' fees are not warranted under § 285 where one side simply advances a losing argument.  *See, e.g., Stragent, LLC v. Intel Corp.*, 2014 WL 6756304, at *4 (E.D. Tex. Aug. 6, 2014) (declining to award attorneys' fees and stressing that "the mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith"); *Fitbug Ltd. v. Fitbit, Inc.*, 2015 WL 3543116, at *4 (N.D. Cal. June 5, 2015) (declining to award attorneys' fees where, considering the totality of the circumstances, "this case neither stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated, nor was it groundless, unreasonable, vexatious, or pursued in bad faith") (internal citations and quotations omitted); *SmartMetric, Inc. v. MasterCard Int'l, Inc.*, 2015 WL 12582630, at *2, 4 (C.D. Cal. Mar. 25, 2015) (finding that the plaintiff advanced positions that were "exceptionally weak – if not frivolous" but declining to award attorneys' fees under § 285 because the *Octane Fitness* standard "presents a very high bar"); *JS Prods., Inc. v. Kabo Tool Co.*, 2014 WL 7336063, at *5 (D. Nev. Dec. 22, 2014) (concluding that it was not "necessarily unreasonable" for the defendant to pursue its infringement claim where, despite the relative weakness of this claim, at least one expert agreed with the defendant's position).

Having carefully considered the parties' arguments and the record in this case, the Court finds that this litigation was far more typical than exceptional, and that an award of attorneys' fees is not warranted.  The applicable statute, 35 U.S.C. § 285, calls for an award of attorneys' fees only in "exceptional" cases, and *Octane Fitness* – despite easing the standard for shifting fees in patent cases under that statute– still sets a very high bar and makes clear that attorneys'

fees should only be awarded in rare or unusual cases.  In this case, Buffalo Armory has not shown that SFP initiated the lawsuit without an adequate pre-filing investigation or for vexatious purposes, nor has it shown that SFP engaged in litigation misconduct.  As for the objective unreasonableness of SFP's litigation position, while the District Court unequivocally ruled in Buffalo Armory's favor, it gave no impression in its Opinion that it believed SFP's arguments to be frivolous, exceptionally weak, or advanced in bad faith.  (Doc. #83).  Importantly, the District Court specifically noted that SFP had presented evidence of *some actual infringement* – albeit on a very limited basis – which at least suggests that SFP's belief that infringement occurred was not objectively unreasonable.  (*Id.* at 15-18).  And, at oral argument, Buffalo Armory's counsel acknowledged that – at any time – Buffalo Armory's process was capable of functioning in a manner that *would* infringe on the '824 patent.  This further suggests that SFP's position was not objectively unreasonable.

In sum, Buffalo Armory has not met the high standard required to establish entitlement to an award of attorneys' fees.  The arguments advanced by SFP were not objectively unreasonable, and considering the totality of the circumstances, this case does not sufficiently stand out from other zealously-litigated patent infringement cases so as to deem it "exceptional" under 35 U.S.C. § 285.  Accordingly, Buffalo Armory's motion for an award of attorneys' fees should be denied.

## II.    RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Buffalo Armory's Motion for Award of Attorneys' Fees (**Doc. #86**) be **DENIED**.

Dated: April 18, 2017                                   s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

7