# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SFP WORKS, LLC,

    Plaintiff,

v.

    Case No. 14-13575

    Honorable Denise Page Hood

BUFFALO ARMORY, LLC,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge David R. Grand's Report and Recommendation (Doc. #108) regarding Defendant's Motion for Award of Attorneys' Fees. (Doc. #86). Defendant filed objections in response to Magistrate Judge Grand's Report, and Plaintiff SFP filed a brief in opposition to Defendant's objections to the Report. Even though neither the Report and Recommendation nor the Local Rules provide for such a filing, Defendant filed a reply to Plaintiff's response, which the Court has reviewed and considered.

### I.    Background

Plaintiff brought this action alleging that Defendant infringed Plaintiff's patent, U.S. Patent No. 8,480,824 (the "824 Patent"), by using Plaintiff's patented steel treatment technology after Defendant's license granting the right to use that

1

process expired. The case was assigned to U.S. District Judge Gerald E. Rosen. On October 31, 2016, Judge Rosen entered an Opinion and Order granting Defendant's motion for summary judgment on Plaintiff's patent infringement claim (the "Opinion"). (Doc. #83). In the Opinion, Judge Rosen found that Defendant's "Star Process" did not infringe on the 824 patent because, in the Star Process, steel is heated for 5.6 seconds, not "rapidly heat[ed], within 5 seconds," as set forth in the relevant claims of the 824 Patent. (*Id.* at 6-18). Judge Rosen also held that Plaintiff's infringement claim under the "doctrine of equivalents" failed because it was barred by the principle of prosecution history estoppel. (*Id.* at 18-26).

Defendant then filed a Motion for Award of Attorneys' Fees as the prevailing party under 35 U.S.C. § 285. (Doc. #86). Defendant claims that Plaintiff's patent infringement claims "were incredibly weak and contradicted by the prosecution history, the specification of the 824 patent, and Plaintiff's discovery responses." *Id.* Defendant asserts that the bases for Plaintiff's infringement claims were "objectively unreasonable," making this case "exceptional" within the meaning of Section 285, such that an award of more than $587,000 in attorneys' fees and expenses is justified. On February 1, 2017, because of Judge Rosen's retirement, this case was randomly reassigned to the undersigned.

## II. Legal Standard

Section 285 provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Recently, the Supreme Court set forth the standard for determining whether a case is "exceptional" under § 285:

> ... an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District Courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In *Octane Fitness*, despite articulating a less rigid standard than previously had existed, the Supreme Court emphasized that a fee award under § 285 should still be the exception, not the rule. *Id.* at 1757. Factors to be considered in determining whether a case is "exceptional" include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n. 6 (internal quotations omitted).

3

In its Motion for Award of Attorneys' Fees, Defendant primarily argues that attorneys' fees are appropriate in this case under the "objective unreasonableness" prong of the "exceptional circumstances" analysis.

### III. Magistrate Judge Grand's Report and Recommendation

Magistrate Judge Grand recommended that the Court deny Defendant's Motion for Award of Attorneys' Fees under Section 285. Magistrate Judge Grand concluded that Defendant failed to show that Plaintiff: (1) initiated the lawsuit without an adequate pre-filing investigation or for vexatious purposes, or (2) engaged in litigation misconduct. (Doc. #108 at 6). Magistrate Judge Grand stated that the Opinion does not reflect that Judge Rosen believed Plaintiff's arguments were frivolous, exceptionally weak, or advanced in bad faith. Magistrate Judge Grand stated that: (a) Judge Rosen noted that Plaintiff presented evidence of some "actual infringement;" and (b) at oral argument, Defendant's counsel acknowledged that Defendant's process was capable of functioning in a manner that would infringe on Plaintiff's patent. (Doc. #108 at 6 (citing Doc. #83 at 15-18)). Magistrate Judge Grand found that the arguments presented by Plaintiff are not objectively unreasonable, this case is more typical than exceptional, and an award of attorneys' fees is not warranted. *Id.* at 5-6.

### IV. Analysis

#### A. "Drawing the Steel" Limitation

4

Defendant's first objection the Report and Recommendation was that Magistrate Judge Grand should have analyzed the objective reasonableness of Plaintiff's arguments regarding the "drawing the steel" limitation. (Doc. #110 at 5). Defendant contests Magistrate Judge Grand's rejection of the "drawing the steel" limitation argument solely because the Court declined to address the issue in the Opinion. *Id.* Defendant argues that the "drawing the steel" limitation argument was substantively weak and objectively unreasonable, one reason this case is exceptional and stands out from other cases. *Id.* at 7.

Like the Magistrate Judge, the Court is not persuaded by Defendant's contention that the "drawing the steel" limitation argument supports a finding that this is an exceptional case. The Court notes that, in the Opinion, Judge Rosen expressly declined to address the issue of the "drawing the steel" limitation. As such, the Magistrate Judge had no basis upon which to determine whether the "drawing the steel" limitation argument was reasonable. Notwithstanding a general cite to the *Octane Fitness* decision in conjunction with arguing that the Magistrate Judge did "not take into account the 'totality of the circumstances' presented by this case," Defendant has not cited any specific authority that required the Magistrate Judge (or the Court) to evaluate a Plaintiff's claim that Judge Rosen did not address in the Opinion. The Court also notes that Plaintiff's argument was

5

supported by the opinion of an expert (even if the expert's opinion was unreasonable or arbitrary, as Defendant contends).

### B. Actual Infringement

The Defendant next argues that Magistrate Judge Grand erred in concluding that Defendant's process actually infringed Plaintiff's patent. *Id.* at 9. Defendant argues that Judge Rosen never concluded in the Opinion that Plaintiff produced evidence of Defendant's process actually infringing Plaintiff's patent, even on a limited basis. (*Citing* Doc. #83 at 15-18). Defendant also argues that, as a fundamental element of patent law, there can be no infringement unless the accused process reads on each limitation of at least one claim of the patent. (Doc. #110 at 10). Defendant asserts that because there was no evidence presented that the "drawing the steel" limitation was met, no reasonable argument could be made. Defendant concludes that Magistrate Judge Grand's belief that Plaintiff had a reasonable basis to bring its lawsuit is legally incorrect. *Id.* at 11.

Plaintiff responds that Magistrate Judge Grand did not make a determination of infringement but simply observed "evidence of some actual infringement" due to evidence that Defendant ran its process at infringing line speeds. (Doc. #112 at 16) Plaintiff contends that evidence that Defendant operated at infringing speeds on even some occasions disposes of Defendant's "objectively unreasonable" argument. *Id.*

The Court notes that Judge Rosen rejected Plaintiff's actual infringement argument because Plaintiff did not identify it during discovery, but Judge Rosen observed that Plaintiff supplied "data from runs of Defendant's accused process in early April 2015, disclosing line speeds of 55 or 60 IPM." (Doc. #83, at 15). The Court also notes that Plaintiff's expert opined that Defendant's process satisfied the "rapidly heating" element, which infringed on the '824 Patent. (Doc. #91 at 15-17). Although Judge Rosen disagreed with the expert's opinion, there is no basis for the Court to find that Plaintiff was unreasonable in relying on the expert's opinion.

For the foregoing reasons, the Court is not persuaded that the Magistrate Judge concluded there was actual infringement, nor does the Court find that Plaintiff's infringement claim was objectively unreasonable, such that the Court should conclude that this is an exceptional case.

### C. Alleged Frivolity of Plaintiff's Claims

Defendant argues that Magistrate Judge Grand erred in concluding that, based on the Opinion, Plaintiff's arguments were not frivolous. (Doc. #110 at 12). Defendant states that Plaintiff's "literal infringement contentions were based on an expert report **expressly** identified in the Court's Opinion as 'wholly arbitrary.'" (Doc. #110 at 13 (citing Doc. #83 at 12) (emphasis in original)). Defendant further states that Plaintiff's doctrine of equivalents argument was based on the assertions of counsel and unsupported by the record. (Doc. #110 at 13). Defendant concludes

that the above circumstances demonstrate that Plaintiff's claims were frivolous. *Id.* at 13.

The Court is not persuaded by Defendant's argument regarding frivolity. First, in the Opinion, Judge Rosen did not state that the expert's report was "wholly arbitrary." Rather, he stated that the expert's "segregation of the first 0.6 seconds of this heating process **seems** wholly arbitrary, . . ." Second, and again, it is the expert's analysis or conclusion that Judge Rosen rejected. The Court did not state, nor suggest or imply, that Plaintiff's cause of action was arbitrary. Third, although Defendant argues that Plaintiff's doctrine of equivalents argument was unsupported by anything but assertions of counsel, Defendant does not explain why it is unsupported, nor does Defendant cite any instances of assertions of counsel. Fourth, Judge Rosen's extensive analysis of the doctrine of equivalents analysis (see Doc. #83, at 18-26), and the absence of any suggestion by Judge Rosen of bad faith or frivolity by Plaintiff, disfavor a finding that Plaintiff's claim was objectively unreasonable or that this is an exceptional case for purposes of Section 285.

In conclusion, the Court has had an opportunity to review this matter and finds that Magistrate Judge Grand reached the correct conclusions for the proper reasons. Finding no error in Magistrate Judge Grand's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety.

For the reasons stated above,

IT IS ORDERED that the Report and Recommendation [Docket No. 108] is ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Award of Attorneys' Fees [Doc. #86] is DENIED.

September 13, 2017

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge